DECISION.
{¶ 1} Walter Whitfield appeals his conviction for domestic violence, in violation of R.C. 2919.25. Whitfield argues that the trial court erred by admitting hearsay testimony, that there was insufficient evidence to support the conviction, and that the finding of guilt was against the manifest weight of the evidence. We affirm his conviction.
{¶ 2} At Whitfield's trial, the only testimony was that of Hamilton County Sheriff Deputy Michael Hulgin. Deputy Hulgin testified that on February 11, 2002, shortly after noon, he was dispatched to the scene of a domestic disturbance. He arrived within minutes of the call and found the victim, Nina Huber, in a very agitated and excited state. Huber told the officer that she and Walter Whitfield had argued about ten or fifteen minutes before the officer arrived. Huber said that, during the argument, Whitfield had ripped a necklace off her neck and also pushed her into and over a stone wall. According to Hulgin, Huber was yelling and swinging her arms and was obviously upset. Huber and Whitfield had three children, though they were not married and did not live with each other.
{¶ 3} During Deputy Hulgin's testimony, Whitfield objected that his account of statements made by Huber did not fit the hearsay exception for excited utterances and was inadmissible. The court overruled the objection and allowed the statements to be admitted. At the close of the state's case, Whitfield moved the court for an acquittal under Crim.R. 29. The court denied the motion. At the conclusion of the trial, the court found Whitfield guilty of domestic violence, suspended a term of one hundred eighty days in jail, and ordered one year of probation, completion of the A.M.E.N.D counseling program, and no in-person contact with Huber.
Excited Utterances
{¶ 4} Whitfield raises three assignments of error. Whitfield contends the trial court erred by (1) in permitting hearsay to be admitted under the excited-utterance exception; (2) in overruling Whitfield's motion for acquittal under Crim.R. 29; and (3) in entering a conviction not supported by the manifest weight of the evidence.
{¶ 5} Evid.R. 802 contains a generally prohibitsion the admission of against the admission of hearsay, which is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."[1] There are, however, many exceptions to the general rule. Under Evid.R. 803(2), "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is one such admissible exception. Statements made in reaction to a startling event are considered more trustworthy than hearsay generally on the dual grounds that the stimulus renders the declarant incapable of fabrication, and that the impression on the declarant's memory at the time of the statement is still fresh and intense.[2]
{¶ 6} For a statement to be admissible as an excited utterance, (1) there must have been an event startling enough to produce a nervous excitement in the declarant; (2) the statement must have been made while under the stress of excitement caused by the event; (3) the statement must have related to the startling event; and (4) the declarant must have personally observed the startling event.[3] "There is no per se amount of time after which a statement can no longer be considered to be an excited utterance. The central requirements are that the statement must be made while the declarant is still under the stress of the event and the statement may not be a result of reflective thought."[4] Further, "the admission of a declaration as an excited utterance is not precluded by questioning which: (1) is neither coercive nor leading, (2) facilitates the declarant's expression of what is already the natural focus of the declarant's thoughts, and (3) does not destroy the domination of the nervous excitement over the declarant's reflective faculties."[5]
{¶ 7} A trial court's decision whether a declaration is admissible as an excited utterance should not be disturbed on appeal if it was reasonable.[6] This is because the decision reflects a factual findingfindings of fact about whether the declarant was sufficiently startled.[7]
{¶ 8} Deputy Hulgin testified that when he arrived at Huber's house, Huber said that the argument between Huber and Whitfield had "just happened." Hulgin testified that the argument "was about fifteen minutes before we pulled up at the most." When Hulgin arrived, Huber was "very, very agitated and very excited." Hulgin testified that he had had previous encounters with Huber, and that "[s]he's normally agitated. But she was even more so that day." Hulgin asked Huber what the situation was, and Huber, while in her agitated state, described to Officer Hulgin the argument and ensuing altercation that she had had with Whitfield.
{¶ 9} Deputy Hulgin's testimony of Huber's statements indicated that Huber's statements were made while she was still under the stress of a startling event and were not the result of reflective thought. Her statements related to the startling event, which Huber had clearly personally observed. Further, Officer Hulgin's questions served only to initiate the conversation. They were not suggestivecoercive, nor did they destroy the domination of nervous excitement over Huber's faculties. We conclude that Huber's statements met the requirements for an excited utterance; or, at the very least, the trial court could have reasonably so found.
Adequacy of the Evidence
{¶ 11} In Whitfield's second and third assignments of error, he challenges the adequacy of the evidence presented at trial. Specifically, Whitfield contends that the state failed to present sufficient evidence to support the trial court's denial of his Crim.R. 29 motion for acquittal and that his conviction for domestic violence was against the manifest weight of the evidence. These two claims are governed by different standards.
{¶ 12} "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. * * * The verdict will not be disturbed unless the reviewing court finds that reasonable minds could not reach the conclusion reached by the trier of fact.[8]
{¶ 13} Whitfield was convicted for domestic violence under R.C.2919.25(A), which . Itstates that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."
{¶ 14} Deputy Hulgin's testimony established that Whitfield had ripped a necklace from Huber's neck and that he had pushed her into and over a stone wall. Reasonable minds could have concluded, beyond a reasonable doubt, that such actions were attempts to physically harm Huber. Whitfield argues that there was no evidence of an injury to Huber, but we note that R.C. 2919.25(A) does not require any finding of injury, only an attempt to cause harm. We conclude that the evidence presented by the state at trial was sufficient to support Whitfield's conviction, and that the trial court did not err in overruling Whitfield's motion to acquit under Crim.R. 29.
{¶ 15} In reviewing Whitfield's final assignment of error, that his conviction was against the manifest weight of the evidence, we must "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[9] This discretionary power should be invoked only in exceptional cases "where the evidence weighs heavily against the conviction."[10]
{¶ 16} A review of the record does not convince us that the trial court clearly lost its way in finding Whitfield guilty. Whitfield was not convicted against the manifest weight of the evidence, and his third assignment of error is overruled.
{¶ 17} For all the foregoing reasons, Whitfield's assignments of error are not well taken. The trial court's judgment is affirmed. "The verdict will not be disturbed unless the reviewing court finds that reasonable minds could not reach the conclusion reached by the trier of fact."[11]
Judgment affirmed.
Sundermann and Winkler, JJ., concur.
[1] Evid.R. 801(C).
[2] Weissenberger's Ohio Evidence (2002), Section 803.16.
[3] See State v. Taylor (1993), 66 Ohio St.3d 295, 300-301,612 N.E.2d 316; State v. Duncan (1978), 53 Ohio St.2d 215, 373 N.E. 1234, paragraph one of the syllabus; Potter v. Baker (1955), 162 Ohio St. 488,124 N.E.2d 140, paragraph two of the syllabus.
[4] State v. Taylor (1993), 66 Ohio St.3d 295, 303, 612 N.E.2d 316.
[5] State v. Wallace (1988), 37 Ohio St.3d 87, 93, 524 N.E.2d 466.
[6] See State v. Taylor (1993), 66 Ohio St.3d 295, 304-305,612 N.E.2d 316, citing Potter v. Baker (1955), 162 Ohio St. 488, 500,124 N.E.2d 140.
[7] Id.
[8] State v. Jones, 90 Ohio St.3d 403, 417, 739 N.E.2d 300,2000-Ohio-187; State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492.
[9] State v. Otten (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009.
[10] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[11]